OPINION/ORDER
Upon Notice of Appeal filed by Ralph Clancy and review of the lower court record including pleadings and trial transcripts and. after oral arguments presented, this court makes the following:
1. Subsequent to Appellant’s notice of appeal being filed, this court gave each party the opportunity to file a brief, memorandum of law or statement; the appellant elected to stand on the lower court record without filing a brief in support of his appeal. The Appellant, by and through counsel proceeded in court with an oral argument.
2. Prior to the presentation of oral arguments this court joined appeal numbers 246 and 249, 1 Am. Tribal Law 107. In appeal number 246 appellant by and through counsel asserts that substantial evidence did not exist to support the jury’s verdict of conviction.
3. Mr, Clancy informs this court that a .22 caliber pistol “evidence of the crime” *106 was never admitted as an exhibit into evidence by the prosecution, that for such reason, the jury lacked sufficient “substantial evidence” upon which to convict him of theft.
4. A review of the transcript indicates that the appellant is correct in his assertion that the .22 caliber pistol was never admitted into evidence as an exhibit by the prosecution, however the appellant’s argument is inconsequential and appears to this court to be a red herring.
5. Not withstanding the absence of the gun admitted into evidence, the prosecution presented “substantial evidence” in the form of testimony, presented by the victim and testimony presented by the investigating officer.
6. The victim examined the .22 caliber pistol in open court, in the presence of the jury, and identified that pistol as his personal property missing from his residence.
7. The investigating officer, Officer Robert Warclub, by testimony, in open court, created a chain of evidence commencing with the rightful owner of the gun and following the travels of the gun from the owner’s residence through the storage residence controlled by the defendant, through execution of the search warrant, through identification by the victim during the course of investigation and connecting all times and events of the gun to the time of trial.
8. The court is reminded that the gun at issue could be any other type of personal property, its distinction as a gun has little consequence. In this case the gun was not used for the perpetration of the crime; it is not a murder weapon, an assault weapon, or a weapon used to commit a robbery. The gun in this case need not be “smoking.” It is not an element of the crime. It is merely stolen property and for such reason in court identification of the item along with collaborating testimonial evidence constitutes “substantial evidence.”
9. Additionally, the victim testified at trial about articles missing from his house. He also testified that the defendant made meal deliveries to his house and that on the day he discovered missing articles from his house he found that his meal had been delivered in his absence.
10. The appellant also filed a Notice of Appeal (Appeal # 249, 1 Am. Tribal Law 107 ) from a jury verdict rendered December 27, 1994. Appellant asserts that his rights afforded under the Indian Civil Rights Act of 1968 were violated in that case.
11. At trial three affidavits were admitted as evidence without benefit of the in-court testimony of the affiants. This Court finds that even without the weight of the evidence presented in the affidavits, the jury had substantial evidence upon which to convict the defendant. The affidavits are cumulative and add nothing new to the prosecution’s case and their admission into evidence does not constitute reversible error,
12. Appellant asserts that he was not given a speedy trial, however, his assertion is not supported by the facts, which in this case indicate that the defendant was handed over for trial less than five months from the date of his arrest.
13. Appellant asserts that he had inadequate counsel. The Indian Civil Rights Act of 1968 does not afford the defendant the right to court appointed counsel. There is nothing in the record or transcripts substantiating his assertion of inadequate counsel. The appellant/defendant in this case fails to present new evidence or any indication or any facts showing that he was wrongfully convicted and *107 that the evidence was not presented because of inadequacy of counsel.
IT IS NOW THEREFORE THE ORDER OF THIS COURT that the jury convictions in these matters are hereby AFFIRMED. The lower court is instructed to proceed with sentencing in these matters without further delay.